Mudge v. Agnew.

REVERSED.

MUDGE v. AGNEW.

1. **Practice in the Supreme Court:** ABSTRACT: MOTION TO STRIKE. An abstract must be based on the record in the court below, and where it is shown that no evidence was made of record in a cause, what purports to be the evidence set out in the abstract will be stricken therefrom on motion.

*Appeal from Muscatine Circuit Court.*

MONDAY, JUNE 13.

THIS is an action to recover damages for certain alleged malicious prosecutions instituted by the defendant against the plaintiff. There was a trial by jury which resulted in a verdict and judgment for the plaintiff. Defendant appeals.

*J. Carskadden,* for appellant.

*Cloud & Cloud* and *Hoffman, Pickler & Brown,* for appellee.

ROTHROCK, J.—I. With the submission of the cause there was presented by appellee a motion to strike from 1. PRACTICE in the supreme court: abstract: motion to strike. appellant's abstract what purports to be the evidence in the cause, upon the ground that the record does not show that the same was preserved by bill of exceptions, nor otherwise made part of the record. This motion is supported by a certificate of the clerk of the Circuit Court to the effect that no bill of exceptions has ever been filed. The appellant resists the motion, not by producing a transcript showing that the evidence was properly made of record, but by the claim that his abstract purports to contain all the evidence, and that such statement in the abstract is sufficient. The abstract would be sufficient if it were founded on the record as made in the court below. But if it sets forth evidence not made of record it is the right of the appellee, on motion, to have such evidence stricken from the abstract. This is the constant practice in this court. We think the motion must be sustained.

II. Exceptions were taken to certain instructions given by the court to the jury. As we have no evidence in the case these instructions cannot be properly considered without at least some statement as to what facts the evidence tended to establish. An instruction may not state all of an abstract proposition of law and yet be complete as applicable to the facts of the case. *Kyser v. K. C. St. J. & C. B. R. Co., ante* 207. The instructions complained of in this case are of this character. There may have been such a state of facts as fully warranted the giving of them.

AFFIRMED.