TUTTLE v. STORY COUNTY ET AL.

1. **Practice in the Supreme Court:** ABSTRACT: CERTIFICATE OF EVIDENCE. A certificate of the trial judge that the record in a case contained all the evidence "adduced" on the trial was held insufficient to authorize a trial *de novo*, on appeal, where the abstract showed that evidence offered and rejected was not contained therein.

*Appeal from Story District Court.*

TUESDAY, JUNE 14.

J. B. RANDALL constructed a court house for the defendant, Story County, for the agreed price of $39,500. The plaintiff furnished stone window caps for this building, under a contract with Randall. On the 22d day of November, 1876, there was due plaintiff from Randall on said contract $500. On that day Randall executed and delivered to plaintiff a paper of which a copy is as follows:

"OFFICE OF J. B. RANDALL,
CONTRACTOR AND BUILDER,
OMAHA, NEB., Nov. 22d, 1876.

"J. R. HAYS, ESQ., *Auditor Story County*: Please retain from amount due me on final settlement of court house con- tract the sum of $500, and pay the same to the order of Martin Tuttle. Very respectfully.

" J. B. RANDALL, contractor and builder."

THIS action is brought in equity, upon this paper, against the defendant, Story county. It is claimed that it operated as an equitable assignment to the plaintiff of $500 of the sum due the plaintiff from the county. The court found for the plaintiff. The defendant, Story county, appeals.

*F. D. Thompson,* for the appellant.

*John H. Drabelle,* for the appellee.

DAY, J. The action is an equitable one, and is presented here, without assignment of errors, for trial *de novo.* The appellee insists that the judgment must be affirmed because the certificate of the trial judge does not show that the record contains all the evidence offered at the trial. The certificate of the judge is as follows: " I hereby certify that the above and foregoing with the exhibits therein referred to is all the evidence, objections, rulings of the court and exceptions thereto adduced on the trial of the above entitled cause."

In *Taylor & Co. v. Kier,* 54 Iowa, 645, it was held that a certificate of the judge to the testimony that it constituted all the evidence *introduced* was not a compliance with section 2742, Miller's Code, and did not authorize a review of the case. In the certificate now in question the word *adduced* is employed. Adduce means to bring forward, present, offer or introduce. Now whilst one of the meanings of the word adduce is the same as the word employed in the statute, another of its meanings is the same as the word held insufficient in *Taylor & Co. v. Kier.* The word adduced may mean either offered or introduced. But the abstract of the appellant shows that in several instances evidence was offered which was excluded, and is not shown in the abstract. The abstract itself, therefore, contains internal evidence that the certificate of the judge could not have used the word adduced in the sense of offered. The case is not in a condition to be tried *de novo,* and it must, therefore, be

AFFIRMED.