## HART v. JACKSON.

1. **Practice in Supreme Court.** An amended abstract not denied will be taken as correct.

2. **Trial de novo:** CERTIFICATE OF EVIDENCE. Where the certificate of the judge was that the record contained "all the evidence used on the trial," but failed to show that no other evidence was offered and rejected, it is a certificate of the evidence received only, and is not suffi-cient to authorize a new trial.

*Appeal from Henry Circuit Court.*

MONDAY, OCTOBER 24.

ACTION in chancery. There was a decree entered in the court below against the Hawkeye Insurance Co., from which it appeals to this court.

Hart v. Jackson.

*Miller & Godfrey* and *Woolson & Babb*, for appellant.

*J. & S. K. Tracy* and *W. J. Jeffries*, for appellee.

BECK, J.—I. This action is triable in this court *de novo;* counsel on both sides of the case concede this point.

The plaintiff files an amended abstract denying that the record shows it contains all the evidence *offered* and admitted upon the trial. The certificate of the judge identifying the evidence is set out in the amended abstract. It shows that the evidence found in the record before us "was all the evidence *used* on the trial." It does not purport to set out the evidence *offered* by the respective parties.

II. The amended abstract is not denied by appellant. It must therefore be received as correct without verification by ref-

1. PRACTICE in supreme court

erence to the record, under a familiar rule of this court sanctioned by uniform and repeated decisions.

Plaintiff relies for affirming the decree of the court below upon these defects in the record, which he claims, forbid us to consider the evidence presented in the abstract.

III. We have more than once held that the record of causes tried anew in this court must contain all the evidence *offered*

2. TRIAL DE NOVO: certificate of evidence.

and admitted in the court below. This rule is founded upon obvious reasons. We pass upon the admissibility of all testimony. Whatever is offered must be preserved to the end that we may determine the question of its competency. Code, section 2742, requires all evidence offered upon the trial in the court below to be certified to this court. We have accordingly held that when the certificate of the judge fails to show that the record contains all the evidence offered in the case it cannot be tried here *de novo.* *Taylor & Co. v. Kier et al.*, 54 Iowa, 645; *Tuttle v. Story Co.*, 56 Iowa, 316.

IV. It is insisted by defendant's counsel that as the original

abstract shows evidence offered and excluded it is therefore sufficient, as it does not show that other evidence was excluded.

But the difficulty in defendant's way is, that the record according to the amended abstract, which is not denied by him, fails to show whether there was or was not evidence offered and rejected. It contains only the evidence *used* upon the trial. Defendant's position is to the effect that the original abstract must prevail as against the amended abstract. This is in conflict with reason and repeated decisions. The amended abstract, if not denied, is regarded as presenting the facts contained in the record.

V. The language of the certificate set out in the amended abstract is that the record contains all the evidence *"used"* upon the trial. Evidence admitted is "used;" testimony rejected is not "used." The certificate therefore identifies only evidence admitted and fails to show that no other evidence was offered.

For these reasons the case cannot be tried in this court, and the decree of the Circuit Court must be

