CHLEIN v. KABAT.

72 291
103 488

1. **Pleading:** AMENDMENT AFTER EVIDENCE ALL IN: WHEN NOT ALLOWABLE. Action upon a note given for borrowed money. There was evidence tending to show that the defendant had received a part of the money, the remainder having been received by her husband. After the evidence was all in, some of which tended to show that the note had been delivered on Sunday, (which fact, however, had not been pleaded,) defendant sought to amend his answer by alleging that fact as a defense, but the court refused to allow her so to amend. *Held* that in this there was no error, because (1) such defense was purely technical, and not "in furtherance of justice," as contemplated by § 2689 of the Code, relating to amendments in such cases; and (2) the defendant had already testified, in substance, that the note had not been executed on Sunday, and such amendment could not have availed her anything, unless the jury had disregarded her testimony as being untrue.

2. **Instructions:** ERROR WITHOUT PREJUDICE. An error in presenting to the jury a defense not pleaded, but in favor of which some evidence has been erroneously admitted, is favorable to the defendant, and no ground for complaint on his part.

3. ——: EVIDENCE TO WARRANT. The objection that the court instructed the jury upon a theory of the case of which there was no evidence, *held* to be without foundation in the record.

*Appeal from Dubuque Circuit Court.*

WEDNESDAY, JUNE 29.

ACTION upon a promissory note. There was a trial by a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*H. T. McNulty* and *Graham & Cady,* for appellant.

*James H. Shields,* for appellee.

ADAMS, CH. J.—I. The note in question was executed by

one J. Kabat and his wife, the defendant E. Kabat, and was given for borrowed money. Mrs. Kabat, in her answer, averred that she signed the note without consideration; that the money was borrowed by her husband alone, and that the note was executed and delivered by him alone, and afterwards, at the mere request of the plaintiff, she signed it also. She also averred that afterwards she obtained permission of the plaintiff to erase her name from the note, and did erase it. The note, as offered in evidence, shows the erasure. There was evidence tending to show that at least a part of the money was loaned by the plaintiff to Mrs. Kabat, and that she signed the note in pursuance of her own contract, made at the time of the loan. There was evidence also tending to show that the erasure was made wrongfully by Mrs. Kabat, and without the plaintiff's consent. There was also evidence tending to show that the note was delivered on Sunday, but such fact had not been pleaded. After the evidence had all been introduced, the defendant asked leave to amend her answer, and aver that the note was delivered on Sunday. The court refused to allow the amendment, and the defendant assigns the refusal as error.

1. PLEADING: amendment after evidence all in: when not allowable.

The statute provides that "the court may, on motion of either party, at any time, in furtherance of justice, on such terms as may be proper, permit such party to amend any pleading      *      *      *      by inserting other allegations material to the case; or, when the amendment does not substantially change the claim or defense, by conforming the pleadings or proceedings to the facts proved." (Code, § 2689.) Upon what ground the court refused leave to amend does not appear; but in our opinion the refusal might properly enough have been made upon the ground that the amendment was not asked in furtherance of justice. If the defendant borrowed the plaintiff's money, she ought to repay it. It is true, it was her right, in the outset, to set up and prove, if she could, that the note was a Sunday contract; but such

defense would be purely technical. It is provided by statute, not for the purpose of effectuating justice between the parties, but to discourage the making of Sunday contracts. It is a clear case of a technical defense, provided by statute in the interest of what is deemed public policy, and barren of justice as between the parties. It is said, to be sure, that it has been held to be allowable to amend for the purpose of setting up the defense of the statute of limitations. *Phœnix Ins. Co. v. Dankwardt*, 47 Iowa, 432. But the principle involved is entirely different. The statute of limitations is based upon the theory that the time allowed for the commencement of an action is as long as the defendant can justly be required to preserve the evidence of his defense. The statute is provided solely for the protection of the defendant against actions which might effectuate injustice.

There is still another ground upon which we think that the refusal to allow the amendment might have been placed. If the note was delivered on Sunday, it was delivered on the day the money was borrowed. No one can read the evidence and come to any other conclusion. Now, the defendant herself had sworn positively that she was present when the money was borrowed, and that it was some days afterwards that she signed the note. The jury could not have found that her contract was a Sunday contract without discrediting her testimony. It is difficult, indeed, to see how the jury could have so found without believing that she had perjured herself. Now, we do not think that the court was bound to allow her to amend so as to make an averment of a fact which the jury could not have found except in contravention of her own deliberate testimony.

Notwithstanding the court disallowed the amendment, we have the singular fact that the jury, after all, was instructed **2. INSTRUC-TIONS: error without prejudice.** upon the theory that the plea that the note was a Sunday contract had somehow been made. It is proper to say, in justice to the court, that the pleadings and evidence had become complicated and confused.

Considerable testimony had been introduced as to the time when the note was delivered, being mostly the testimony of Bohemian witnesses, introduced through an interpreter. It seems probable that the instructions were drawn before the amendment was offered, and upon the theory that the averment contained in the amendment had been made in the original answer, and that, when afterwards the instructions were given to the jury, the real *status* of the pleadings was overlooked. But the defendant contends that, however the mistake may have occurred, it was error to so instruct the jury, because the jury was instructed upon an issue not in the case. It may be conceded that it is error to instruct upon an issue not in the case, but we do not think that the defendant is in a condition to complain. The error was in her favor. She was allowed the benefit of a defense which she was not entitled to.

II. The court instructed the jury upon the theory that they might find that the defendant received the borrowed

3. ———: evidence to warrant.

money, or some part of it. It is contended by the defendant that there is no evidence upon which the instruction can be based. It is undisputed, however, that, when the last installment of the money was borrowed, the defendant and her husband went to the plaintiff's house to get it. There is evidence, though disputed, that she did the borrowing for herself. The money, if not delivered to her, was certainly delivered to her husband in her presence, and at least with her implied assent, and was carried off by them. The receipt of the money by the husband, if he was the one who received it, and she was the borrower, might be regarded as received by him as her agent, as without question it was. We think that the instruction is not open to the objection that there was no evidence upon which it could be based.

In our opinion the judgment must be

AFFIRMED.