## NELSON V. HAYS.

Pleading: AMENDMENT: STRICKEN FROM FILES : ACTION ON GUARDIAN'S BOND. A minor, just prior to his majority, assigned a portion of his estate to plaintiff, and after his majority assigned the whole of it to P. Afterwards, P. recovered a judgment for the whole in an action on the guardian's bond. While this action was pending, plaintiff commenced an action on the guardian's bond to recover the amount assigned to him, and, by amendment, he made P. a party. Plaintiff's real ground of action against P. was that the latter, as a part of the consideration of the assignment to him, had agreed to pay plaintiff ; but plaintiff pleaded this fact for the first time at the close of the evidence. *Held* that the court did not abuse its discretion in striking this amendment from the files, because it was the first plea of any real cause of action ; the original action on the guardian's bond being without ground, since the guardian had already been adjudged to pay the money to P.

*Appeal from Monroe District Court.*—HON. DELL STUART, Judge.

FILED, MARCH 12, 1888.

THIS is an action against the principal and sureties in a guardian's bond. There was a trial by the court, and a judgment against the plaintiff, and he appeals.

*Phillips & Greer*, for appellant.

*Ed. Morrison, Daniel Anderson* and *H. L. Dashiell*, for appellees.

ROTHROCK, J.—It appears from the record that the defendant Samuel D. Hays was guardian of Arthur Morrison, a minor, who attained his majority in November, 1885. On the fifteenth day of August, 1885, Morrison assigned to the plaintiff the estate and money in the hands of his guardian to the amount of two hundred and forty-three dollars. On the fourteenth day of December, 1885, said Morrison assigned all of his money

and estate in the hands of his guardian to the defendant Peterson. Morrison and Peterson commenced a proceeding jointly to compel Hays, the guardian, to make final settlement of his guardianship, and at the February term, 1886, of the court there was found to be due from the guardian the sum of seven hundred and eighty-two dollars, and that the same was the property of Peterson, and an order was made that the guardian pay said sum March 1, 1886. Hays, the guardian, failed to make the payment, and, on the third day of March, Peterson brought an action on the guardian's bond for the amount found to be due. This action proceeded to judgment at the October term, 1886, and afterwards Peterson collected the whole amount of the judgment by the sale of property on execution. The plaintiff commenced the action at bar on the twenty-fourth day of May, 1886. It was then an action on the guardian's bond, to recover the amount which he claimed had been assigned to him by Morrison. He sought a recovery against the principal and sureties on the bond. It will be observed that the action was commenced after the guardian had been ordered to pay the money to Peterson, and after Peterson had commenced his action to recover the amount awarded to him. The plaintiff intervened in the action brought by Peterson on the bond ; but his petition of intervention was dismissed for want of prosecution. On the twenty-fifth day of August, 1886, the plaintiff filed an amendment to his petition, in which he made Peterson a party defendant in this action ; and he averred therein, in substance, that Peterson claimed some interest in said money, adverse to the plaintiff, under an assignment, but that said interest or assignment was taken subsequent to the assignment of the plaintiff, and subject to his right and claim, and with a full knowledge of plaintiff's claim. Judgment was demanded against Peterson for the amount of plaintiff's claim. Afterwards the plaintiff procured a writ of attachment to issue against the property of Peterson. Thereupon there were answers and counter-claims filed by the defendants, and motions to strike, and demurrers, and

replies, and other papers too numerous to mention. The fact is that what ought to have been a very simple and plain controversy was so mystified by pleadings that the court and counsel must have had great difficulty in determining just what was in issue. Finally the case was reached for trial, and at the close of the evidence the plaintiff filed an amendment to his petition, in which he claimed that Peterson took the assignment of the claim, and, as part of the consideration therefor, agreed with Morrison that he would pay the indebtedness of Morrison to the plaintiff. The defendant Peterson moved to strike the amendment from the files, because it substantially changed the cause of action stated in the original petition. This motion was sustained, and the court dismissed the petition, and rendered a judgment against plaintiff for thirty-one dollars for wrongfully suing out said attachment.

If the plaintiff had filed this last amendment as his original petition, instead of waiting until the close of the trial to do so, he would have presented a plain and intelligent claim, upon which an issue could have been made, and his rights determined. We entertain no doubt that the court exercised a proper discretion in striking the amendment from the files. It was the first distinct demand made by the plaintiff to recover of Peterson on any proper cause of action; and it was just what should have been done when the action was commenced. There was no ground for commencing an action upon the guardian's bond, in the face of the adjudication that the money should be paid to Peterson. If plaintiff has any valid claim to assert, it is against Peterson, founded upon his knowledge of the assignment and his agreement with Morrison to pay the plaintiff's claim; and he ought not to complain because he was not permitted to set up this cause of action after he had tried his case; and the judgment for wrongfully suing out the attachment ought not to be disturbed, because there was no ground for an attachment when it was issued. AFFIRMED.