ZIMMERMAN V. THE MERCHANTS AND BANKERS' INSUR-
ANCE COMPANY.

1. **Appeal**: AMENDED ABSTRACT NOT DENIED TAKEN AS TRUE. The
appeal in this case was based upon alleged errors in instructions.
Appellant's abstract nowhere showed that the instructions were
filed, and an additional abstract by appellee stated in terms that
the pretended instructions set out in the abstract were never writ-
ten out, signed by the judge and filed in the case. To this there
was no denial. *Held* that the additional abstract must be taken
as true, and the alleged instructions stricken out of appellant's
abstract, on motion to that effect.

2. ———: DEFECTIVE ABSTRACT: DISMISSAL. Where an appeal is
properly perfected, it will not be dismissed on account of a defect
in the record, but the judgment will be affirmed or reversed, as
the record will justify.

*Appeal from Delaware District Court.*—HON. JOHN J.
NEY, Judge.

FILED, MAY 13, 1889.

ACTION on a policy of insurance. There was a
judgment for plaintiff, and the defendant appeals.

*Baker & Haskins*, for appellant.

*J. H. Trewin* and *Fouke & Lyon*, for appellee.

GRANGER, J.—Appellee moves to strike from appel-
lant's abstract what purports to be the instructions of
the court, on the ground that they constitute no part of
the record, not having been filed in the cause nor pre-
served by a bill of exceptions. There is no bill of
exceptions in the case, and appellant's abstract nowhere
shows that the instructions were filed, and an additional
abstract by appellee states in terms that the pretended
instructions set out in the abstract were never written
out, signed by the judge and filed in the case. To this

there is no denial by appellant, and it is to be taken as true; but, if we were to take the contradictory statements as presenting an issue as to the true state of the record in this respect, there is nothing from which we could determine the question. When the abstracts of parties present an issue of fact as to the state of the record in a law action, we must look to the bill of exceptions to settle the question, and it is the duty of appellant to furnish that record. Under this state of facts we must regard the instructions in the abstract as no part of the record, and the motion to strike the instructions from the abstract is sustained. *Mudge v. Agnew*, 56 Iowa, 297.

Appellee also moves to dismiss the appeal for the same reason. The appeal seems to have been properly perfected, and in such a case it is not our practice to dismiss an appeal merely because of a defective record, but to affirm or reverse, as the record of the cause will justify.

The only errors assigned in the case are as to the giving of the instructions; and, as under the ruling they are no part of the record, the assignment cannot be considered, and the judgment is

AFFIRMED.