## REED v. LARRISON.

1. **Appeal:** TRIAL DE NOVO : RECORD : EVIDENCE. In order that an equity case may be tried *de novo* in this court, the abstract must show that it contains all the evidence offered and rejected below, as well as that introduced and received. Neither can a trial *de novo* be had when counsel for appellant, in their printed argument, admit that certain portions of the record which they regard as immaterial were omitted from the abstract. It is for this court alone, in such cases, to determine the admissibility of evidence offered, and the materiality of any portion of the record, and not for the court below in the one case, nor for counsel for appellant in the other.

2.  **Appeal**: EQUITY CASE: TRIAL AS LAW CASE.  An equity cause cannot be reviewed as a law case in this court when no errors have been assigned.

*Appeal from Calhoun District Court.*—HON. J. P. CONNER, Judge.

FILED, MAY 14, 1889.

ACTION to quiet the title of certain town lots, which plaintiff alleges are her homestead, as against the claim of defendant under a sale on execution. A decree granting the relief prayed for by plaintiff was entered in the court below. Defendant appeals.

*W. N. Treichler* and *W. P. Wolf*, for appellant.

*M. R. McCrary* and *H. E. Long*, for appellee.

BECK, J.—I. The original abstract of appellant alleges that it "contains all the evidence introduced and received on the trial" of the case. An amended abstract, filed also by appellant, alleges that "the original abstract of record filed by appellant heretofore contains all the evidence upon which the case was tried." Counsel for appellant admit in their printed argument that "in preparing the abstract of record we omitted such formal parts as did not appear to us material, and that which we did not call into account."

II.  It clearly appears that we have not before us all the evidence upon which the case possibly should be tried *de novo* in this court. We should have an abstract of all the evidence offered in the court below. That court cannot determine for us what evidence is competent and admissible in the case when it is tried here *de novo*. It will not do to bring a case here for trial *de novo* upon the evidence offered and received in the court below, and upon which it was there tried. The evidence offered and rejected must be sent to this court, and presented in the abstract. It also appears that the abstract does not present all of the records. Portions

thereof which counsel for defendant thought were not material are not set out in the abstract. This court, and not counsel, is charged with the duty of determining the materiality of the records to be considered in deciding a case. Under familiar rules prevailing in this court, applicable to the condition of the record before us, we cannot try the case anew as a chancery case ought to be tried. It cannot be tried as a law case for the reason, if no other exists, that no errors have been assigned. We are required, in view of the condition of the record, to order the decree of the court below

AFFIRMED.