PEORIA STEAM MARBLE WORKS v. LINESENMEYER *et al.*

Appeal: JURISDICTION: TRIAL DE NOVO: RECORD. In an equity case triable only *de novo* in this court, upon all the evidence submitted to the court below, appellant's abstract contained the following language, and nothing more, relating to the evidence: "Certificate of judge and reporter that it was all the evidence introduced or offered on the trial." *Held* not sufficient to show that all the evidence in the record is set out in the abstract, and that the appeal must be dismissed for want of jurisdiction, even though the point is not urged by appellee.

*Appeal from Des Moines District Court.*—HON. CHAS. H. PHELPS, Judge.

FILED, MAY 23, 1890.

ACTION in chancery to recover judgment on notes and an account against one of the defendants, and for a decree to subject to the judgment certain notes given to the other defendant, the wife of the maker of the notes, and to enjoin him from transferring them. There was a judgment and a decree for plaintiff. The wife appeals.

*Seerley & Clark*, for appellant.

*Tracy & Mercer*, for appellee.

BECK, J.—I. The maker of the notes, against whom judgment was rendered, urges no objection thereto. His wife, who claims property in the notes sought to be subjected to the judgment, alone objects to the decision of the court below, on the ground that there was no proof of fraud, nor of the insolvency of the debtor, and that the evidence on other points is insufficient. The case is not in a condition for decision by this court. The abstract fails to show that we have all the evidence before us. It contains this language, and nothing more, referring to this matter: "Certificate of judge and reporter that it was all the evidence introduced or

offered on the trial." We presume it is intended to say that the judge and reporter certified that the evidence in the record was all the evidence introduced or offered on the trial; but it is not said, nor can we infer, that all the evidence in the record is set out in the abstract. We have repeatedly held that statements of the character above quoted are not sufficient to authorize us to regard the abstract as presenting all the evidence, and to decide the case accordingly.

II. Counsel for plaintiff briefly stated this objection in their printed argument, but erased it in the copy filed in this case. By this we understand that counsel waive the objection. But we cannot, even with counsel's consent, try cases *de novo* unless we have all the evidence before us. We have no jurisdiction, in cases of this character, except to try them *de novo* upon all the evidence submitted to the courts below. If counsel for plaintiff had filed in this case a stipulation stating that the abstract does contain all the evidence introduced or offered in evidence in the court below, the case would have been different, and we would have disposed of it on the merits. The judgment of the district court is AFFIRMED.