SECOND NATIONAL BANK OF MONMOUTH, Appellant, v.
H. S. ASH, *et al.*, Appellees.

**Practice in Supreme Court:** RECORD: CERTIFICATE OF TRIAL JUDGE.
   A certificate of a trial judge that a transcript in an equity cause con-
   tains all the evidence "offered and introduced" on the trial, is not
   sufficient to warrant the supreme court in entertaining the appeal.

*Appeal from Taylor District Court.*—HON. J.W. HARVEY, Judge.

## THURSDAY, MAY 12, 1892.

ACTION on certain promissory notes, and for the foreclosure of a chattel mortgage securing same. From a decree refusing a forclosure of the mortgage plaintiff appeals.—*Affirmed*.

*Flick & Thomas*, for appellant.   *M. Atkinson*, for appellee H. S. Ash.

·   *Crum & Haddock*, for appellee R. S. Spurrier.

KINNE, J.—It is averred that in 1888 and 1889, defendants H. S. Ash and George H. Finley composed a copartnership doing business at Clearfield, Iowa, under the name of "Clearfield Brick Company;" that the company executed and delivered its promissory note for two thousand dollars, payable to George H. Finley, and at same time executed and delivered to him its chattel morgage securing the same; that afterwards said copartnership renewed said note by giving two notes,—one for seven hundred and fifty dollars, and the other for one thousand two hundred and fifty dollars; that, after their delivery, the note first given was delivered to said copartnership; that the plaintiff, by assignment, has become and is the owner and holder of said two notes; that in May, 1889, said Finley made an assignment for the benefit of creditors to the defendant R. S. Spurrier, who, upon qualifying, listed all the property covered by said mortgage as assets of said Finley, when in truth and in fact it belonged to said copartnership. The petition also made the necessary averments for an attachment. Judgment is demanded against the defendants, and a foreclosure of the mortgage asked; also a writ of attachment. The defendant Ash, answering,

denies the partnership, and avers that said brick company was the Exchange Bank of Clearfield, or George H. Finley, all being one and the same person, and that Ash was the agent only, and that the notes were signed by him by order of said Finley, and prays that judgment be rendered against Finley only. The defendant Spurrier filed his answer, admitting that he was the assignee of Finley; that the notes declared upon were executed and delivered to Finley about the time of their date; that they were afterwards given to the plaintiff as collateral security to the note of Finley and one Pinkerton; denies the partnership alleged; denies that the notes sued on are renewals of the two thousand dollar note, and avers said two thousand dollar note was paid at its maturity; denies that notes sued on in this action were secured by chattel mortgage, and admits that he listed the property attached as assets of Finley; avers that the mortgage was never executed to secure the notes sued upon, and that it was never delivered to the plaintiff, and that the plaintiff's possession of same is wrongful, and that said mortgage was extinguished by the payment of the two thousand dollar note which it secured. The plaintiff, in a reply, denies that his possession of the mortgage was wrongful, and avers that said defendant's assignee is estopped to deny the existence of the copartnership, because Finley so represented to the plaintiff at the time it purchased said notes; and Finley further represented that the indebtedness for which said notes were given was secured by a chattel mortgage which he would obtain from the brick company, and that the plaintiff had a right to the possession of said mortgage as security for its notes; claims that the defendant Ash is estopped, as well as all others claiming by or through either him or Finley, as the plaintiff became the owner of said notes before maturity, and for a valuable consideration, without notice, and having accepted the same as signed by Ash on be-

half of the company, and on the representation of Finley.

The certificate of the trial judge recites "that the foregoing is a full, accurate and complete transcript of the evidence *offered and introduced* on the trial." The appellees move to strike the abstract from the files, and for an affirmance of the judgment of the court below on account of the insufficiency of the certificate. A certificate that it was all the evidence "offered and introduced" is equivalent to saying that it was all the evidence "introduced." This case is triable *de novo* in this court, and it is necessary that it appear that the abstract contains all of the evidence, whether it was offered and rejected, or offered and in fact introduced. The certificate fails to comply with the statute. Code, section 2742. This abstract, as appears from the terms of the certificate, does not purport to contain all the evidence "offered," but only that received. Under such circumstances, we cannot try the case *de novo*. *Taylor v. Kier*, 54 Iowa, 645; *Tuttle v. Story Co.*, 56 Iowa, 316; *Reed v. Larrison*, 77 Iowa, 400; *Marble Works v. Linesenmeyer*, 80 Iowa, 253. It cannot be tried as a law case, for the reason, if no other exists, that no errors have been assigned. *Reed v. Larrison*, 77 Iowa, 400.

For the reasons above stated the decree of the court below must be AFFIRMED.