## HODGES *et al.* v. BIERLEIN.

1. Where appellant's abstract sets out what purports to be the evidence used on the trial below, and respondent serves and files an amended abstract denying the correctness of appellant's abstract, and alleging that no bill of exceptions or statement was ever settled, and that the purported evidence is no part of the record, which amended abstract is not in any manner denied, its statement will be taken as true.

2. Upon such abstracts and an affirmative uncontroverted showing by affidavit that no bill of exceptions or statement has been settled, the purported evidence will, upon motion, be stricken from the abstract.

3. This being done, only such assignments of error will be considered as can be examined on the record remaining.

(Syllabus by the Court.   Opinion filed October 10, 1893.)

Appeal from circuit court, Marshall county. Hon. A. W. CAMPBELL, Judge.

Action in assumpsit. Plaintiff had judgment, and defendant appeals. The abstract of appellant set out what purported to be the evidence upon the trial. No bill of exceptions or statement was ever settled and respondent moved in this court to strike from the record this purported evidence. Motion sustained and decision of lower court affirmed.

*A. Sherin, (A. B. Melville of counsel,)* for appellant.
*J. H. McCoy*, for respondent.

KELLAM, J. This was an appeal from a judgment rendered against appellant by the circuit court of Marshall county. Appellant files an abstract setting out what purports to be the evidence upon the trial, without any statement or suggestion as to how it was made a part of the record. Respondent files an amended abstract *d*enying the correctness of appellant's abstract, and distinctly alleging that no bill of exceptions or statement was ever settled, and that the purported evidence presented by appellant's abstract is no part of the record. This amended abstract is not denied by appellant. Upon this record, together with an affirmative and uncontradicted showing by affidavit that no bill of exceptions or statement was ever settled, respondent moved to strike the purported evidence from the record. The motion must prevail. The practice is well settled by many adjudications in Iowa, whence our rules as to the office and effect of abstract are taken. See Lucas v. Jones, 44 Ia. 298; Hart v. Jackson, 57 Ia. 75, 10 N. W. Rep. 295; Kent v. Coquillard, 67 Ia. 500, 25 N. W. Rep, 749; Simmerman v. Insurance Co., 77 Ia. 350, 42 N. W. Rep. 318; Brooke v. Railway Co., 81 Ia. 504, 47 N. W. Rep. 74.

Every error assigned by appellant is based either upon the admission, exclusion, or force of the evidence, or upon the refusal of the court to allow an amendment to defendant's answer. With evidence stricken out we have no record upon which we can examine either of these assignments. Upon the oral argument it was suggested by appellant that the motion for a new trial was made upon the minutes of the court. This would not remove the difficulty. There must be an authenticated record here, showing error, before a judgment can be reversed. No such record is brought here. Every presumption is in favor of the correctness of the judgment. The judgment of the circuit court is affirmed. All the judges concur.