F. K. WALLICK, Guardian, and F. K. WALLICK, Appellants, v. WIL-
LIAM PIERCE.

**Trial de Novo:** RECORD ON EVIDENCE. Where an equity case is
appealed for trial *de novo*, the abstract must show that it contains
all the evidence offered, whether received or rejected by the lower
court.

*Appeal from Cedar District Court.*—HON. WILLIAM P. WOLF, Judge.

SATURDAY, MAY 22, 1897.

SUIT in equity to enjoin defendant from trespassing upon the
property of one John M. May, and from removing stone therefrom.
The defendant denied the plaintiff's ownership of the land, from
which he had removed stone, and averred the fact to be that the land
which May claimed to own, and from which he removed the rock, was
a part of the bed of the Cedar river, which is a navigable stream. The
case was tried to the court, resulting in a decree dismissing the plain-
tiff's petition, and they appeal.—*Affirmed.*

*Wm. Treichler* for appellants.

No appearance for appellee.

DEEMER, J.—This is an equity cause, triable here *de novo* if at all,
and the abstract must show that we have all the evidence offered,
received, or introduced. A statement that it contains all the evidence
introduced and received is not sufficient, for we must have all the evi-
dence offered, whether received or rejected by the lower court. *Reed
v. Larrison,* 77 Iowa, 399; *Taylor v. Kier,* 54 Iowa, 645; *Tuttle v. Story
County,* 56 Iowa, 316; *Marble Works v. Linesenmeyer,* 80 Iowa, 253;
*Bank v. Ash,* 85 Iowa, 74. The statement made by appellant with ref-
erence to this matter is that "the abstract is a full, true, and complete
one of all the evidence offered and received, as well as introduced
and received." The evidence offered and rejected is not set out. We
cannot try the case *de novo* and, as no errors are assigned, there is
nothing to consider. *Reed v. Larrison, supra.* For the reasons first
above stated, the judgment is AFFIRMED.