## T. F. GREENLEE AND J. F. ATKINSON v. THE HOME INSURANCE COMPANY, Appellant.

**Amendments:** STRIKING OFF. Where a cause in which defendan had filed an answer consisting of a mere denial was ordered to bet tried on depositions, and plaintiff had taken his evidence within the time prescribed, an amendment to the answer, filed on the day of trial, and setting up facts known to defendant when the original answer was filed, was properly stricken off, plaintiff being unprepared to try the issues tendered therein, and no excuse being shown for failure to file it before the testimony was taken.

SAME. The allowance or disallowance of amendments to pleadings under Code 1873, section 2689, providing that the court may, on motion of either party, at any time, in the furtherance of justice, and on such terms as may be proper, permit a party to amend any pleadings or proceedings, is largely discretionary with the trial court.

**Appeal:** CERTIFICATION OF EVIDENCE. On appeal in an equitable action wherein an issue of fact was joined, questions involving the evidence cannot be reviewed, where the trial judge, instead of certifying that the transcript contains all the evidence "offered" on the trial, as required by Code 1873, section 2742, merely certifies that it contains all the evidence "introduced."

*Appeal from Benton District Court.*—HON. G. W. BURNHAM, Judge.

## MONDAY, OCTOBER 25, 1897.

ACTION in equity to reform a policy of insurance, and to recover for a loss by fire of the insured property. Decree for plaintiffs. Defendant appeals.— *Affirmed.*

*McVey & McVey* for appellant.

*J. J. Mosnat* for appellees.

KINNE, C. J.—I. This is an action in equity, in which it is sought to reform a policy of insurance upon

a certain building and fixtures, and for a judgment thereon, the insured property having been destroyed by fire. Reformation was sought to show that the plaintiff Atkinson's interest was that of a mechanic's lien holder, instead of a mortgage, as stated in the policy; also, to correct the description of the real estate upon which the property insured was in fact situated; also, to correct a statement in the policy to the effect that eleven thousand dollars other insurance was permitted. The original answer was a denial. September 6, 1895, the defendant filed an amendment to its answer, setting up certain provisions of the policy, relating to misrepresentations of the insured and their effect; touching the ownership of the property; also providing that the policy should be void, unless otherwise provided by agreement indorsed thereon, if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of the sale of any of the property covered by the policy, by virtue of any mortgage or trust deed, or if any change other than death of the insured takes place in the interest, title, or possession of insured (except change of occupants without increase of hazard), whether by legal process or judgment, or by voluntary act of the insured, or otherwise. Other provisions of the policy were pleaded. The answer then pleaded facts which it is claimed were in violation of the provisions of the policy, and which avoided the same. A motion was made to strike this answer, which was sustained. Thereupon the defendant filed a motion for leave to re-file said amendment, which motion was overruled. A decree was entered as prayed, in favor of plaintiffs.

II. The first question arising upon this record is the sufficiency of the certificate of the trial judge to the

evidence. The certificate recites that "the within and foregoing transcript is a correct, true, and complete transcript of all the testimony introduced, both oral and documentary, in the foregoing and within-entitled cause, together with the objections interposed by counsel and the rulings of the court therein, exceptions taken, as taken down in shorthand," etc. Code 1873, section 2742, requires that the certificate be to "all the evidence offered on the trial" in equitable actions wherein an issue of fact is joined. The certificate in this case does not embrace the evidence "offered," but only that actually "introduced." It has always been held by this court that certificates in form like the one in the case at bar do not comply with the statute, and we cannot try this case *de novo*, because it does not appear that we have all of the evidence, which was offered upon the trial below, before us. *Taylor v. Kier*, 54 Iowa, 645; *Tuttle v. Story County*, 56 Iowa, 316; *Reed v. Larrison*, 77 Iowa, 400; *Marble Works v. Linesenmeyer*, 80 Iowa, 253; *Baldwin v. Ryder*, 85 Iowa, 251; *Bank v. Ash*, 85 Iowa, 74.

III. Errors are assigned, and we may consider any question thus raised which may be determined without a resort to the evidence. There is but a single question raised which can be determined without considering the evidence. The court, on motion, struck the amendment to defendant's answer. Defendant filed objections to this motion, which were overruled. It also asked leave to re-file the amendment after it was stricken, and this was refused. Exceptions were taken to all of these rulings. We do not think that the court erred in these rulings. The original answer, which was merely a denial, was filed April 1, 1895. The amendment was filed September 6, 1895. The motion to strike out was based in part upon the grounds that the amendment was filed just as the case was

reached for hearing, and long after all the testimony on the part of the plaintiffs had been taken, and no reason was given why the amendment was not sooner filed. The plaintiffs had no knowledge of defendant's intention to file it. The facts pleaded existed, and were well known to defendant, when it filed its original answer, and no reason is given why they were not then pleaded. If the amendment is permitted to stand, plaintiffs would be compelled to take further testimony. No evidence of the facts pleaded is admissible, for the reason that at the last term of this court an order was made that this cause should be tried on written depositions, and a time was fixed by the court within which the depositions of each party should be taken. The showing in resistance and in support of the motion for leave to re-file was, in effect, that the facts pleaded were known to plaintiffs; that no additional testimony would be needed, and, if it was, defendant consented that it might be produced without notice; that the facts were not pleaded at the prior term through inadvertence and oversight; that without the amendment defendant cannot safely go to trial; that the defendant would, upon the hearing of the notice to re-file, take the testimony of the plaintiff Greenlee and his attorney. In support of the motion to re-file, said testimony was taken. There was nothing in this testimony benefiting the defendant, and we give it no further consideration. Our statute provides that "the court may, on motion of either party at any time, in furtherance of justice, and on such terms as may be proper, permit such party to amend any pleadings or proceedings." Code 1873, section 2689. It may be admitted that the general rule is to allow amendments, and to deny the right is the exception. So, too, we have held that the statute is to receive a liberal construction. Subject to these general rules, the allowing of amendments is largely in the discretion of the trial court. It is the rule also that an amendment should not be allowed, or, if

filed, may be stricken, where it appears that it will
delay the trial of the case, and it might have been
sooner filed. *Newell v. Bank*, 51 Iowa, 178; *Bays v.
Herring*, 51 Iowa, 286; *Nelson v. Hays*, 75 Iowa, 671;
*Chlein v. Kabat*, 72 Iowa, 291. The only reason given
for not filing this amendment at the prior term is that
of inadvertence and oversight. It it to be
remembered that the original answer was a
simple denial, and it was filed April 1, 1895. At
that same term of the court, and on May 2, 1895, the
order was made for the trial of the case upon written
evidence in the form of depositions. That order pro-
vided that plaintiffs should take their depositions in
chief by June 20, 1895. The defendant was to take its
evidence by July 20, 1895, and the plaintiffs to take evi-
dence in rebuttal by August 15, 1895. The plaintiffs
took their testimony within the time provided. Defend-
ant knew when this order was made that the evidence
would soon be taken. It knew that it had nothing but
a denial on file. It knew of the defenses it afterwards
pleaded in the amendment; and no reason or excuse is
given why defendant did not plead these matters after
it filed its original answer, and before the time fixed
by the court for taking the testimony. The court was
not bound to seek for an excuse for the failure of the
defendant to file its amendment sooner, no excuse what-
ever being offered as to why it was not filed at some
time after it filed its original answer, and before the
testimony was taken. The court might well presume
there was none, and, if such was the case, there was no
abuse of discretion in the action taken by the court.

The amendment was filed the day of the trial, and
against the objection of plaintiffs. The amendment,
if allowed, would have worked prejudice to plaintiffs.
It appears that they had not prepared for trial of any
such issues as these therein tendered. They had no

reason to expect that new and material issues would be raised for the first time upon the trial. The failing to file the amendment sooner appears to have been a case of inexcusable neglect, and, while the law relating to the filing of amendments is liberal, it cannot be extended to cover such a case. There was no error in the rulings. As we have said, all of the other questions raised require us to resort to the evidence; and, as we do not have all of the evidence before us, we cannot determine them.—AFFIRMED.