CARRY E. CHENEY, et al., Appellants, v. AMELIA McCOLLOCH, et al.

Continuances: DISCRETION: *Partition Suit.* In an action for a partition of defendant's land, plaintiffs moved for a continuance on the ground that it could not at that time be determined whether the personalty would be sufficient to pay the debts  It appeared that, at the time of the motion, a previous order authorizing the sale of the lands, to pay the debts, was in force; but plaintiffs asserted that this order had been abandoned, and was void because no statement of claims was made or disposition of personalty

shown at the time the order was made. There was no showing that the administrators had not filed their reports, nor that the sufficiency of personalty to pay the debts could not then be determined. *Held*, that there was no error in overruling this motion.

COLLATERAL ATTACK. An order for the sale of defendant's land, 4 made in the absence of a statement of the claims filed or a showing as to the disposition of the personalty, if irregular, is not void.

Appeal: TRIAL DE NOVO. A certificate by the trial judge in a case tried as in equity, that the foregoing record contains all the evidence 1 dence "offered and introduced" on the trial, is insufficient to present the case for trial *de novo*. It must appear that all the evidence offered, introduced and rejected, is up.

REVIEW: *Evidence.* Alleged error in dismissing a petition for partition of land cannot be determined on appeal, where all the evidence offered on the trial is not in the record.

*Appeal from Keokuk District Court.*—HON. D. RYAN, Judge.

SATURDAY, DECEMBER 18, 1897.

SUIT to partition certain real estate belonging to the estate of Martin Pfaff, deceased. The trial court dismissed plaintiffs' petition, and they appeal.— *Affirmed.*

*C. M. Brown* for appellants.

*Woodin & Son* and *Hamilton & Donohue* for appellees.

DEEMER, J.—The case was tried as in equity, and the trial judge made a certificate in which he said "that the foregoing record contains all the evidence offered and introduced on the trial." The abstract recites that it contains all the evidence offered and introduced upon the trial. Neither of these statements is sufficient to present the case for trial *de novo.* *Wallick v. Pierce,* 102 Iowa, 746; *Reed v.*

*Larrison,* 77 Iowa, 399; *Bank v. Ash,* 85 Iowa, 74, and cases cited therein.

Appellants' counsel have assigned errors, but with one exception, a solution of the errors complained of depends upon a consideration of the evidence. This exception is a complaint that the court erred in overruling plaintiffs' motion for a continuance. The motion was based upon the ground that it could not at that time be determined whether the personal assets would be sufficient to pay the debts of the deceased; or all the debts, except such as were secured by the mortgages upon the real estate sought to be partitioned. A request that the administrator be required to file a report at the next term of court, showing the amount of assets, and to the extinguishment of what debts the assets had been applied, was also embodied in the motion. At the time this motion was filed, the issues had been made up, and from the pleadings we gather the following: Plaintiff and defendants are the representatives, and mortgagees of Martin Pfaff, who departed this life on the second day of January, 1894, seized of the real estate sought to be partitioned. The mortgagees answered setting forth their claims, and further pleading that the claims against the estate amounted to more than six thousand, eight hundred dollars, and the personal property belonging thereto amounted to but one thousand and twenty-two dollars; that, at a former term of court, an order was made authorizing the administrator to sell the real estate in controversy, except the homestead for the purpose of paying the debts; and that this order was in full force. The widow answered that she was unable to elect as to which she would take—homestead or dower,—until the debts of the estate were fully settled. And the administrators pleaded an order of court, dated April 11, 1894, authorizing them to sell the real estate described in the petition for the payment

of the debts of the deceased; that the debts amounted to four thousand, eight hundred dollars, and that they had but nine hundred dollars with which to pay them; that they had made every effort to sell, but, on account of the financial depression, were unable to do so. In reply, the plaintiffs denied the validity of the order to sell, for the reason that no statement of the claims filed was made, or disposition of personal property shown, at the time the order was made, and further pleaded that the administrators had abandoned their efforts to sell under the order made. They further pleaded that the widow had elected to take homestead in lieu of dower, and that she was able to determine the situation of the estate, for that the time had long since expired for the filing of claims. They also pleaded that there was sufficient personal property on hand with which to pay all claims. They further pleaded that there were sufficient assets from the personal property to pay all unsecured debts, and that the proceedings to sell had been abandoned.

An application for a continuance is addressed peculiarly to the sound discretion of the judge, and his ruling thereon will not, as a general rule, be interfered with, unless it clearly appears that this discretion has been abused, and injustice done thereby. *Widner v. Hunt*, 4 Iowa, 355; *Boone v. Mitchell*, 33 Iowa, 45; *State v. Wells*, 61 Iowa, 629. That there was no abuse of discretion is clearly shown when we consider the status of the case at the time the motion was filed. Here an order had been made to sell this very real estate for the payment of debts; and, while the plaintiffs were insisting that the order was void and had been abandoned, yet they did not need any time in which to prepare to meet this issue. Moreover, the order for the sale was not subject to the attack made upon it. It may have been irregular, but was not void. *Morrow v. Weed*, 4 Iowa, 77; *Myers v. Davis*, 47 Iowa, 325.

There is no showing that the administrators had not filed their reports as required by law, and it does not appear that the court could not at that time determine whether the personal assets were sufficient to pay debts. There was no error in overruling the motion.

Appellants contend that the court erred in dismissing their petition. We cannot determine this question nor any other question argued, for the reason that we do not have all the evidence offered upon the trial. No error appears, and the judgment is AFFIRMED.