SMITH & CRITTENDEN v. HARLAN ET AL.

THOMAS & JACKSON v. THE SAME.

SMITH & CRITTENDEN v. THE SAME.

THOMAS & JACKSON v. THE SAME.

1. **Referee:** REPORT OF: EVIDENCE. If the evidence before a referee is not taken in writing, and so much time has elapsed that he is unable to certify that his report contains all the evidence, he should, upon due notice, recall the witnesses. If the evidence is not certified at the time the report is first filed, and a report of the evidence is afterwards made up from memory in whole or in part, counsel should be allowed to examine and interpose objections, that the report may possess the element of certainty.

2. ———:———. After a report has been confirmed, and judgment entered thereon, it is too late, several months after the filing of the report, to move that the referee be required to certify up the evidence.

*Appeals from Pottawattamie District Court.*

FRIDAY, JUNE 14.

ACTIONS in attachment. Certain of the defendants are intervenors claiming to own parts of the real estate attached. The plaintiffs, for answer to the petitions in intervention, averred that the conveyances by which the intervenors held title were made to defraud creditors. The actions were referred and tried upon oral testimony. The referee reported certain findings of fact and his conclusions of law thereon, holding that the conveyances were fraudulent. He also reported certain evidence under the denomination of minutes of evidence, but did not certify that it was all the evidence. The intervenors excepted to the findings of fact, and moved to set aside the report for error in the findings. The court overruled the motion, confirmed the report, and rendered judg-

Smith & Crittenden v. Harlan.

ment for the plaintiffs. Afterward the intervenors filed a motion for an order upon the referee, requiring him to certify whether the minutes of evidence filed with the report contained all the evidence. This motion was resisted by the plaintiffs, but was sustained, and the referee, in obedience to the order, certified that it was all the evidence according to his recollection. Such certificate having been filed, the intervenors appealed. .

*Watkins & Williams*, for intervenors and appellants.

*James, Aylesworth & Mynster*, for appellees.

ADAMS, J.—We are asked to review the findings of fact. To this the appellees object, upon the ground that they were not reviewable in the court below. Their theory is that when the court overruled the motion to set aside the report for error in the findings, no other ruling could properly have been made, inasmuch as it did not appear to the court that it had all the evidence before it, and that no certificate could be made by the referee afterward, which would convert the ruling into error. The question presented is an important one.

Trials before a referee should have as much certainty in their methods as trials in court. As the findings of fact by a referee have the effect of a special verdict, there should be facilities for reviewing them equal to the facilities provided for reviewing a special verdict. The unsuccessful party, therefore, has a right to have all the evidence certified. If the referee omits to certify it, and the unsuccessful party desires a review upon the findings of fact, it appears to us that he is entitled, upon a proper motion, to have the report set aside, and recommitted with an order to report with the findings all the evidence duly certified. If the evidence was not taken in writing, and so much time has elapsed that he is unable to make the required certificate, he should, we think, upon due notice to the parties, recall witnesses. It

1. REFEREE: report of: evidence.

Smith & Crittenden v. Harlan.

appears to us, too, that if the evidence is not certified at the time the report is first filed, and a report of the evidence is afterwards made up from memory in whole or in part, the safer course would be to allow counsel to examine and interpose objections to the report, according to the usual practice of settling bills of exceptions, before it is certified. When a report of the evidence is certified by the referee, it should have all the elements of certainty which a bill of exceptions can have which purports to contain all the evidence in a case. For this reason we think that when the evidence is not certified, and the unsuccessful party desires to take exceptions to the findings, the whole report, upon a proper motion being made, should be recommitted, that all needed latitude may be given to the referee, and the evidence certified to positively, and not merely as being the evidence according to the recollection of the referee. In the cases at bar, several months elapsed between the filing of the report and the making of the certificate. The referee had become unwilling to make a positive certificate. In the meantime his report had been confirmed, and judgment entered accordingly. If a proper certificate of evidence could be made by a referee several months after his report had been filed, it might be made at a still greater length of time after it was filed. If it is sufficient to certify the evidence according to the recollection of the referee after his report is filed, it would be sufficient even though his recollection had become indistinct. It will be seen at once that the rule contended for by appellants might be productive of great injury. Whether it would or not, in these cases, it appears to us that we should not be justified in sanctioning it. We are of the opinion, therefore, that the cases must be

AFFIRMED.