## Donovan v. Hayes.

1. **Practice Before Referee**: PRESERVING EVIDENCE. This case was tried before a referee, and as it nowhere appears from the record that the evidence was preserved by bill of exceptions, or by any certificate of the referee, or that it was in any way identified, and as no errors are found in the conclusions of law made by the referee, the judgment of the court below upon the referee's report must be affirmed.

*Appeal from Allamakee District Court.*

THURSDAY, OCTOBER 18.

THIS is an action to recover damages for the alleged breach of covenants in a deed to certain land. The cause was refered to a referee for trial, and the referee reported in favor of the plaintiff. The report was approved by the court, and judgment was rendered thereon, and defendant appeals.

*H. H. Stillwell*, for appellant.

*James O. Crosby*, for appellee.

ROTHROCK, J.—Counsel for appellee makes the claim that the cause cannot be entertained in this court, because of certain defects appearing of record. Among them it is alleged that the abstract does not purport to contain all the evidence, and that what is set forth as the evidence is not in any way authenticated by a bill of exceptions, nor by a certificate of the referee to the evidence. An examination of the abstract shows that the point is well taken. It is true, it is recited in the abstract, in reference to the hearing before the referee, and immediately preceding what purports to be the evidence, that "the following is a correct statement of the proceedings had on such hearing, of the evidence introduced and objections made thereto, and correctly shows the rulings made on such objections," and the referee in his report states that "the entire proceedings, including evidence, objections,

motions, and rulings before referee, were reduced to writing, and accompany this report." But it nowhere appears in the report before us that the evidence was preserved by bill of exceptions, or by any certificate of the referee, or that it was in any way identified. When the final judgment was entered, sixty days were taken to file a bill of exceptions, and it is recited that a bill of exceptions duly signed was filed on the fifteenth of July, 1880. But it nowhere appears that the evidence was incorporated in this bill of exceptions. We suppose it was not so incorporated, because the court could only know what the evidence was from a certificate of the referee, and it does not appear that there was such a certificate. We discover no error in the conclusions of law made by the referee, and as we do not have his rulings and the evidence presented to us, the judgment must be affirmed.

We regret that we cannot dispose of the case upon its merits. It is always more satisfactory to the court to dispose of cases in that way, but when questions affecting the record are presented, we cannot avoid passing upon them.

AFFIRMED.