PORTER v. EVERETT ET AL.

1. **Reference:** APPEAL FROM JUDGMENT ON HEARING OF REPORT: JUDGE MUST CERTIFY EVIDENCE. Where an equity cause has been sent to a referee to find the facts and the law, and to report, he must in some way identify the evidence on which his findings are based, for the information of the court to which he is to report; but his certificate is not sufficient to identify the evidence for the purposes of an appeal. Section 2742 of the Code requires that it be certified by the judge.

*Appeal from Taylor District Court.*

THURSDAY, JUNE 4.

THIS is an action in equity, and involves a controversy between the parties growing out of a partnership in the cultivation of a certain farm. The cause was referred to a referee to try and determine and report to the court. The referee reported the facts and his conclusions of law. The plaintiff filed exceptions to the report, which were heard by the court, and the report was modified, and a final decree was entered. Plaintiff appeals.

*Finn & Hedrick,* for appellant.

*Lyman Evans* and *J. L. Brown,* for appellees.

ROTHROCK, J.—The defendants, upon the submission of the cause, presented a motion to affirm the decree, upon the ground that the evidence in the case had not at any time been certified by the judge of the district court, as required by section 2742 of the Code. It is not claimed by appellant that the evidence has been so certified, but he relies upon a certificate to the evidence made by the referee and returned with his report. It appears to us that the section of the Code referred to is a positive and peremptory requirement, and that the certificate must be made by the judge. Of course, the evidence, as returned by the referee, must be identified by him by some statement or certificate, to enable the district court to know upon what evidence his finding of facts and conclusions of law were based. *Smith v. Harlan,* 49 Iowa, 101; *Donovan v. Hayes,* 62 Iowa, 36.

It is claimed by counsel for appellant that the referee stands in the place of the court, and that his certificate is the certificate of the court or judge, and that the referee has actual knowledge of what the evidence was, and the judge has no such knowledge. If we were to concede that the cer-

tificate of the referee is sufficient in any case, such concession cannot be made in the case at bar, because the certificate of the referee is fatally defective in failing to properly identify the evidence. It seems, however, that it was thought by the parties that the evidence was preserved in such a manner as to authorize the district court to review the case upon exceptions to the report, because the court modified. the report in a manner that could only be done by an examination of the evidence. This having been done, there is no reason why the judge could not certify the evidence, that could not with equal propriety be urged if the trial had been before the court in the usual way.

All of the conclusions of law, and the rulings of the court in the appointment of a receiver and the taxation of costs, which are complained of, are so dependent upon the evidence in the case, that, without having the evidence before us, there can be no review of any question in the case.

The motion to affirm must be sustained.

AFFIRMED.