## POLK ET AL. V. STURGEON ET AL.

1. **Practice on Appeal:** TRIAL DE NOVO: CERTIFICATION OF EVIDENCE. A trial *de novo* cannot be had in this court unless it affirmatively appears by the certificate of the trial judge, in some form, that the evidence set out in the abstract is all the evidence which was offered or introduced on the trial.

*Appeal from Carroll Circuit Court.*

TUESDAY, MARCH 15.

THIS is an action in equity by which the plaintiffs seek to redeem certain land from a tax sale. There was a decree in the circuit court for the plaintiffs. Defendants appeal.

*Geo. W. Paine*, for appellants.

*Whiting S. Clark* and *Joseph H. Call*, for appellees.

ROTHROCK, J.—The case is here for trial *de novo*, if triable at all. Counsel for appellees insist that the appeal cannot be entertained because the evidence has not been certified to as required by section 2742 of the Code. The abstract recites that the action " came on for trial, and was submitted to the court on the pleadings and the following written stipulation of the parties." Certain stipulations, signed by counsel for the parties, are set out in the abstract immediately following the above recital. It is not stated in the abstract that the stipulation was filed. The decree recites that the cause was " submitted on the petition and answers filed herein, and the exhibits attached thereto, and the agreed statement of facts filed therein." The decree was signed by the judge, and, if it contained the proper recitals to identify all of the evidence which was introduced or offered on the trial, it may be that no other certificate would be necessary. But it does not recite affirmatively that the stipulation was all the evidence which was offered or introduced on the trial. We have frequently held that such a certificate is necessary in order to entitle the appellant to a new trial in this court.

We think the appeal must be DISMISSED.