HERSHEY, BROWN & COMPANY v. CATHERINE NYENHUIS, Appellant.

**Appeal:** BILL OF EXCEPTIONS. The trial judge has no power, in the absence of an agreement of consent, to sign a bill of exceptions after the final adjournment of the term; and if consent is given,

the bill must be filed within the time agreed upon, or it will not be considered, under Code 1873, section 2831.

ESTOPPEL. Appellee is not estopped to deny that the bill of exceptions was filed in due time, by correcting in its amended abstract alleged errors and inaccuracies in the appellant's abstract, where the appellee denies the statement that the evidence was immediately after the trial certified by the trial judge and made a part of the record, and states the facts showing that the bill was not allowed by the judge during the term of court, or within the time after adjournment allowed therefor.

*Appeal from Muscatine District Court.*—HON. C. M. WATERMAN, Judge.

THURSDAY, OCTOBER, 14, 1897.

ACTION at law upon a promissory note. Defense, payment and a counter-claim for money deposited with plaintiff as bankers. Trial to the court without a jury. Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*D. M. Lambert, E. M. Warner,* and *Earle & Prouty* for appellant.

*Jayne & Hoffman* for appellee.

DEEMER, J. — The judgment from which the appeal is taken was rendered on the twenty-fourth day of July, 1895. On January 21, 1896, the trial court made a certificate to the shorthand notes, the material parts of which are as follows: "I hereby certify that I believe the foregoing is the official report of the above-entitled cause; that it contains, together with the documentary evidence therein referred to, all of the evidence that was offered or introduced on the trial of said case, and all of the objections and rulings made and exceptions taken; and the said official report in shorthand is hereby made a part of the above-entitled cause." This certificate was attached to the shorthand notes, and filed in

the clerk's office, January 23, 1896. The transcript of the shorthand notes was certified by the judge on January 9, 1896, and filed with the clerk January 20 of the same year. The action is at law, and it was the duty of appellant to file his bill of exceptions during the term, or within such time thereafter as might be fixed by the court. Code 1873, section 2831. In the absence of express agreement or consent, the judge has no power to sign a bill of exceptions after the final adjournment of the term; and, if consent is given, the bill must be filed within the time agreed upon, or it will not be considered. *Bunyan v. Loftus*, 90 Iowa, 122; *Wadsworth v. Bank*, 73 Iowa, 425.

In addition to reciting the facts above stated, appellee, in its amended abstract, proceeds to correct certain alleged errors and inaccuracies in the appellant's abstract. It is contended that, by so doing, it has estopped itself from saying that there was no proper and timely bill of exceptions. *Wells v. Railroad Co.*, 56 Iowa, 520; *Balm v. Nunn*, 63 Iowa, 641; and *Wilson v. Palo Alto County*, 65 Iowa, 20, are relied upon in support of this contention. None of these cases are in point, for the reason that in none of them did the appellee, as in this case, deny the statement made in the abstract that the evidence was properly made of record, by bill of exceptions or otherwise. On the contrary, it appears in each of these cases that the appellee set out certain evidence which he claimed was found in the record, and omitted from the appellant's abstract. Upon such a state of facts, we held that appellee was estopped from thereafter claiming that there was no proper bill of exceptions. The case which comes nearest to sustaining appellant's contention is *Conners v. Railroad*, 74 Iowa, 383, in which we said that, notwithstanding appellee alleged in his amended abstract that the evidence was not preserved by bill of exceptions, yet, as he set out portions

of the evidence which he claimed were omitted, he would not be permitted to deny that the evidence was properly preserved; citing numerous cases. This case differs from that, in this: In this case, appellant, in his abstract, alleged that the evidence was, immediately after the trial, certified by the trial judge, and made a part of the record. Appellee denies this statement, and proceeds with a statement of the facts which are recited at the beginning of this opinion, and finally says that the evidence was never preserved by bill of exceptions, nor was there any bill of exceptions ever prepared, signed, or filed. It thereupon proceeds to state that certain entries of record are omitted from appellant's abstract, and further says that certain evidence is incorrectly abstracted, and makes corrections therein. These facts afford no good ground for saying that appellant is estopped from claiming that the bill of exceptions was not filed in time. The evidence was certified as stated, but the bill of exceptions was not filed in time. Appellant is not taking inconsistent positions in saying that the evidence was not properly made of record, while at the same time affirming that the evidence which was filed is not correctly abstracted. Examination of the cases cited as sustaining the rule announced in the *Conners Case* will disclose that they do not go to the extent claimed, and if there be a conflict between this case and that, it is overruled. All questions in the case depend upon a consideration and examination of the evidence, and, as it was not properly preserved, the judgment is AFFIRMED.