BAUERNFIEND, *et al.,* v. WILLIAM JONAS, *et al.,* Appellants.

**Appeal:** TRIAL DE NOVO: *Judge's certificate.* The failure to file in the district court the certificate of the judge, attached to the testimony taken before a commissioner, renders the presence of such testimony in the abstract improper, and precludes a trial *de novo,* on appeal.

CLERK'S CERTIFICATE. Bringing up the evidence certified by the clerk, as provided by Code 1873, section 3184, is not sufficient for a trial *de novo.* It is the office of the judge's certificate to identify the evidence, and make it of record when filed, while the purpose of the clerk's certificate is to identify and authenticate the record.

DISMISSAL. A defect in preserving evidence in an equitable action is not ground for dismissing a properly perfected appeal, but it goes to the disposition of the cause on the merits.

LADD, J., took no part.

*Appeal from Plymouth District Court.*—HON. S. M. LADD, Judge.

FRIDAY, DECEMBER 17, 1897.

ACTION for the possession and right of occupancy of certain church property, and to restrain the defendants from interfering therewith. Decree for defendants, and the plaintiffs appealed.—*Affirmed.*

*E. P. Smith, Patrick Farrell,* and *Read & Read* for appellants.

*Argo, McDuffie & Reichman* for appellees.

GRANGER, J.—This is an equitable action, triable *de novo* in this court. There is a controversy as to the sufficiency of the record for that purpose. The certificate of the trial judge to the evidence was never filed in the district court. The original abstract by appellants contains a statement that it is one of all the evidence offered or introduced on the trial, and is, in form, sufficient, for the purpose of an abstract, to justify a trial anew in this court. Appellees present an abstract denying the correctness of appellants' abstract in the following particular: "The certificate of Hon. Scott M. Ladd, attached to the testimony taken before L. Emma Jones, as commissioner, has never been filed in said cause in the office of said clerk." The abstract then shows a statement of the different papers and documents in the district court. There is no claim that the certificate was ever filed. It appears that the certificate was attached to the evidence, but that the certificate was not filed. We are at a loss to know precisely the situation; that is, just what was done. We must, however, act upon the conceded fact that the certificate was not filed, in a legal sense. It is probably true that the evidence, after being certified, was not filed. A motion is made by appellees to dismiss the appeal because of this; but, as the appeal was properly perfected, a defect in the manner of preserving evidence would not justify a dismissal. The defect goes to the disposition of the case on its merits, or whether, because of the condition of the record, the merits can be considered. That the evidence, to justify a trial anew in this court, must be certified and filed within six months (the time allowed for taking the appeal), see *Kavalier v. Machula*, 77 Iowa, 121. In that case it is said: "We conclude that the translation and certificate in question were not filed within the time required by statute, and that the evidence which it was

intended to identify thereby must be disregarded." The rule in this respect is not open to question. Many cases have announced it. It is the certified evidence that is to be filed.

It is suggested that there is no claim that any of the testimony is left out. That is true. The complaint is not of that. It is of the fact that testimony is in that should not be there, because not properly identified, and which is essential to a trial in this court. It is also said that appellees do not supply the omitted testimony. The complaint is not that the abstract is not one of all the evidence of record, but that the record has not been preserved in a way that all the needed evidence can be brought to this court. By the failure to file, a part of the evidence is lost for the purpose of a further trial, and without it there can be no trial anew, and none other is sought. Since the filing of appellees' abstract, appellants have brought to this court the evidence, certified by the clerk as provided by section 3184 of the Code of 1873, and urge that that is sufficient for the purposes of a trial. This contention is set at rest by *Teague v. Fortsch*, 98 Iowa, 92. That with other cases cited, fixes the rule that it is the office of the certificate of the judge to identify the evidence, and make it of record when filed, while it is the office of the certificate of the clerk to identify and authenticate the record. As we have said, the complaint here is that the evidence is not in the record, and, if not, it is not the province of the clerk to certify it to this court. There seems to be no escape from the conclusion that the evidence is not here for consideration. With this conclusion there is no pretense that the cause can be tried on its merits, and the judgment must be AFFIRMED.

LADD, J., took no part.