E. C. SPINNEY, Appellant, v. W. G. HALLIDAY AND JESSIE K. HALLIDAY and Four other Cases.

**Trial De Novo:** TRANSCRIPT OF EVIDENCE: *Must be filed within six months after decree.* Code, section 3675, declaring that in all appealable actions the parties are entitled to have the whole proceedings reported, which report, when certified by the judge, shall constitute a bill of exceptions, does not change the requirement of section 3652 that in equitable actions the longhand extension of the evidence shall be filed and certified by the judge within six months.

ASSIGNMENTS OF ERROR ON TAKING OF TESTIMONY NOT ALLOWED. Under Code, section 3652, providing that appeals in equitable actions shall be tried *de novo*, the appellant in such an action cannot make assignments of error in the admission or rejection of evidence, and have them considered as in an action at law.

CERTIFICATION OF TRANSCRIPT: *Shorthand report made by assistant reporter.* Where the shorthand notes of the evidence were taken by the assistant official reporter, a certification of the longhand extension by the official reporter is not a compliance within section 3749, providing that in equitable actions the evidence may be taken by any one appointed by the judge, and the report certified by such reporter.

*Appeal from Lee District Court.*—Hon. H. BANK, JR.,
Judge.

TUESDAY, JANUARY 28, 1902.

ACTION in equity to recover judgment on notes exe-
cuted by defendants in this and the other four cases sub-
mitted with it, to the National Home Building & Loan As-
sociation of Bloomington, Ill., and transferred to plaintiff,
and to foreclose mortgages given to secure payment thereof.
Judgment in each case was rendered for the defendant, and
the plaintiff in each case appeals.  Motion to dismiss.—
*Sustained.*

*Dudley & Coffin* for appellant.

*Hamilton & Hamilton* and *T. P. Snyder,* for appellees.

McCLAIN, J.—The case is now before us on the ques-
tion whether the evidence has been so preserved that appel-
lant may have a trial *de novo,* and, while it is not usual
to file written opinions giving reasons for rulings on motions
with respect to the record, it is thought that the questions
here involved are such that our reasons ought to be stated.

On the trial of the case the evidence was taken down
in shorthand by " I. A. West, assistant to official reporter,"
and the notes were certified by him and by the trial judge.
But the longhand transcript of the notes, which
was filed within six months, was certified to
by "Charles J. Smith, official reporter."  After
the expiration of six months this transcript was certified by
I. A. West.  The first question argued is as to whether it
is essential, in order to secure a trial *de novo* in an equity
case, that the longhand transcript or translation of the notes
be filed within six months; it being contended that Code,
section 3652, with reference to taking down evidence in
writing in equity causes, is sufficiently complied with when

the shorthand notes are duly certified by the reporter and the trial judge. There is no question but that, prior to the adoption of the Code of 1897, it was essential that the translation of the notes be filed within six months; but it is argued that the language used in Code, section 3675, relating to the reporting of the evidence in ordinary or equitable proceedings, authorizes a different construction. The point has already been decided, however, in *Dwyer v. Rock,* 115 Iowa, *post,* where we hold that the construction to be put upon Code, section 3652, is not affected by the language of Code, section 3675, and that it is still necessary, in order to secure a trial *de novo,* that the translation of the notes be filed within six months. The cases on the subject are referred to in the opinion in that case and they need not be again cited.

But the further question is now presented as to whether the certificate to the translation may be made by the official reporter when it appears that he was not the reporter who took down the evidence on the trial and certified to the shorthand notes. While the Code provides for the appointment of official reporters (Code, sections 245, 246), yet section 3652, relating to the trial of equitable causes, does not require that the evidence in such cases be taken down by the official reporter; and in Code, section 3749, it is said that "in equitable actions triable *de novo* on appeal no bill of exceptions shall be necessary, nor in other actions in which all the proceedings are under the direction of the court taken in writing or shorthand by the regular court reporter or *any one appointed by the court or judge for the purpose* and embodied in the report by such reporter certified by him and the court or judge in the manner provided in this chapter for making and certifying such report." While by Code, section 3675, it is provided that any party shall be entitled to have reported the whole proceedings upon the trial or hearing, and it is specified at length what matter shall be reported, it does not

appear that the provisions of that section have specific reference to the action of the official reporter only; but, on the contrary, it is to be understood, we think, that they are applicable as well to any person properly designated by the court to take down the proceedings. It certainly must be true that the certificate to the shorthand notes is to be made by the person who actually takes down the proceedings under the direction of the court; and the question now is whether the translation of the notes must be certified by the reporter who makes the notes, or may be certified by the official reporter, who did not actually act as the reporter on the trial of the case. We are asked to take judicial notice of the fact that, if the system of shorthand used by two reporters is the same, the notes of one may be read by the other, and the latter can properly translate and certify to the translation of notes made by the former, but we do not think that we have any authority for this assumption; nor does it appear in this case that the system of shorthand employed by the reporter who took down the notes of the proceedings was the same as that usually employed and understood by the official reporter. We have here simply the case of one reporter certifying to the translation of the notes of another reporter, and this, we hold, is not the certificate contemplated by law. We have held that a judge other than the one who tried the case cannot certify to the evidence (*Burnett v. Loughridge,* 87 Iowa, 324, 327), and we think that the same principle is applicable to the reporter. Inconvenience may, indeed, arise through inability to secure a certified translation by the reporter who took down the testimony in shorthand; but it is probable that where it is impossible, by reason of the death of the trial judge or of the reporter, or other unavoidable casualty, to present the evidence to this court in such form as to secure a trial *de novo.* a new trial may be had on proper showing. *Hume v. Bowie,* 148 U. S. 245 (13 Sup. Ct. Rep. 582, 37 L. Ed. 438); *German Ins. Co. v. Manning,* 100 Fed.

Rep. 581; *Manning v. German Ins. Co.,* 46 C. C. A. 144.
But whatever the inconvenience or delay may be, we do not
feel justified in adopting a rule which will obviate the neces-
sity of a certified translation by the very person who alone
can be presumed to be competent to make a correct transla-
tion of the notes as taken down.        .

Appellant asks that, if the record be such that we can-
not try this case *de novo,* the evidence may nevertheless be
allowed to stand in the record for the purpose of passing
upon an assignment of errors as in a law case.   But con-
ceding that it is not necessary, where a case is presented
here for determination on an assignment of errors, that the
translation of the notes of the proceedings be certified with-
in six months, and that there is now a properly certified
translation, on which appellant's abstract is based,
yet we cannot assent to the proposition that in an
equity case the appellant may make assignments of
error in rulings on the admission or rejection of evidence,
and have them considered as in an action at law.   We have
held that rulings on motion and demurrers attacking the
pleadings in an equity cause may be, and, to secure review
on appeal, must be, presented by assignments of error, as
in a law case; but the court is required to determine before-
hand whether the case is to be tried in equity or at law, and
the methods of trial in the two instances are distinctly dif-
ferent, as are also the methods of review on appeal.   In
an equity case the trial in this court is to be *de novo* on
the evidence properly preserved (Code, section 3652), and
there is no authority either in the statutory provisions or
the decisions of this court for passing upon rulings on the
evidence in response to assignments of error.    *Smith v.
Wellslager,* 105 Iowa, 140.   As the assignments which ap-
pellant has made in his amended abstract relate entirely to
rulings during the trial with reference to the admission
of evidence, and to the sufficiency of the evidence to sustain
the decree, and not to rulings made preliminary to the

trial on questions relating to the pleadings, such assignments cannot be considered, and the motion of appellees to strike appellant's abstract which contains his assignments of error must be sustained. The result is that the evidence is stricken from appellant's abstract, and appellant's amended abstract, embodying an assignment of errors, is stricken from the files.—MOTIONS SUSTAINED.