TERRANCE DOYLE, Appellee, v. ANNA C. DUCKWORTH
ET AL., Appellants.

**Equitable actions:** REFERENCE: CERTIFICATE OF REFEREE.   Under the
statute providing that in equitable actions where issues of fact are joined all of the evidence shall be taken down in writing or by

deposition and shall be certified by the judge for the purpose of a retrial, a referee trying the case must certify to the evidence offered before him for the purpose of facilitating a review of his findings; and his certificate .must be as definite and certain as that required to be made by the trial judge, and must cover and include all the evidence offered before him.

**Same:** CERTIFICATE OF TRIAL JUDGE. Although the referee's certificate 2 of the evidence offered before him is sufficient, still when an appeal to the Supreme Court is taken it is from the order and judgment of the trial court and not from the conclusions ,of the referee, so that it is necessary for the trial judge to certify to the evidence offered and introduced in the district court in order to identify the evidence upon which the court acted, and to make it of record when filed for the purpose of a trial anew under the statute.

In this action neither the certificate of the trial judge nor the decree entered, if treated as a certificate, are sufficient to meet the requirements of the statute.

**Same:** CERTIFICATION OF EVIDENCE: WAIVER OF DEFECT: REVIEW ON APPEAL. 3 By filing an amended abstract, as in this case, before moving to strike the appellant's abstract because of an insufficient certificate of the evidence to authorize a trial *de novo,* the appellee did not waive the defect in the certificate, where he expressly alleged in his amended abstract the lack of such certificate. And where there was no proper certificate of the evidence to permit a trial *de novo* the appellate court must take the findings of fact as made by the referee and affirmed by the trial judge as true, and determine therefrom the correctness of his conclusions of law and of the final decree.

**Partnership:** ADVANCEMENTS: INTEREST. Ordinarily interest will not 4 be allowed individual partners on advancements made by them to the partnership; but where they have contracted for the allowance of such interest their agreement will be enforced.

**Same:** ACCOUNT STATED. Statements by a partner to another will not 5 be treated as an account stated.

**Same:** DISSOLUTION : BURDEN OF PROOF. One partner alleging a settle- 6 ment between them has the burden of proof on this issue in a suit for dissolution of the partnership.

*Appeal from Pocahontas District Court.*—HON. A. D. BAILIE, Judge.

SATURDAY, DECEMBER 17, 1910.

SUIT in equity for a partnership accounting. Defendants denied the partnership and pleaded other matters not necessary to be noticed at this time. The trial court rendered judgment for plaintiff on a referee's report, and defendants appeal—*Affirmed.*

*C. G. Macy, B. J. Price,* and *Lane & Waterman,* for appellants.

*Kelleher & O'Connor* and *Ralston & Shaw,* for appellee.

DEEMER, C. J.—The case was originally tried to a referee who made a report to the district court with his conclusions of fact and of law. Upon the coming in of the report each party filed objections thereto and motion to set aside and modify the same and the cause was submitted to the trial court upon these motions, resulting in the confirmation of the report and a decree for the plaintiff. From these rulings and from the decree, defendants appeal.

The referee made the following certificate to his report and to the testimony taken before him: "A large part of the evidence was introduced by way of depositions which have been returned into court; and the balance of the testimony (being that taken March 4th and 5th, 1908) was reduced to writing and filed herein; so that there is no part of the testimony which had not been fully extended into longhand and transcripts thereof filed herein; and the whole of the testimony is now before the court. These depositions and extended transcripts are now made a part hereof; and in a broad sense this referee reports the facts to be in accordance with the showings made by such testimony and the exhibits returned with it. These depositions are those of the plaintiff, his brother, Dr. E. M. Doyle, Cromwell G.

1. EQUITABLE ACTIONS: reference: certificate of referee.

Macey, and Nelson A. Farrand. The testimony taken before the referee consists of that given by the witnesses Henry C. Doyle Leonard Doyle, H. J. Murray, O. E. Christenson, P. M. Beers, and W. C. Ralston. The exhibits referred to and introduced as a part of the testimony of these witnesses are also a part of the evidence, and all of these are now made a part of this report. It must be a source of satisfaction to the parties herein— as it is also to this referee—that the evidence is thus placed before the court in full and that whatever mistakes this referee may make in reporting the facts or the law may easily be corrected and reviewed upon the final hearing of this report." This so-called certificate is found in the final report of the referee.

The only timely certificate made by the judge, if there be any at all, is found in the decree which was signed by the trial court from which we extract the following: "Pursuant to said stipulation and order duly entered of record at the May term, 1909, of the district court of Pocahontas County, Iowa, this cause was duly heard upon the report of F. C. Gilchrist, referee, and the exceptions and objections of both parties thereto. . . . And the cause was thereupon taken under advisement to be decided as aforesaid, . . . and the court having inspected and examined the proofs of service files and records herein, and the report of said referee, together with the objections and exceptions thereto, and having heard, read, and examined the evidence and testimony offered and received upon the part of both the plaintiff and defendants, and having considered the arguments, etc. . . ."

Appellee says that this is not a compliance with section 3652 of the Code, as recently amended (Acts 31st General Assembly, chapter 155), reading: "In equitable actions wherein issues of fact are joined, all the evidence offered in the trial shall be taken down in writing, or the court may order the evidence, or any part thereof, to be

taken in the form of depositions, or either party may, at pleasure, take his testimony, or any part thereof by deposition. All the evidence so taken shall be certified by the judge at any time within six months after the entry of a final decree, and the evidence and certificate be made a part of the record, and go on appeal to the Supreme Court, which shall try the cause anew. But this section shall be so construed as to include the evidence taken in shorthand, when the reporter's notes of such evidence have been certified to by the judge and reporter within the time herein provided." Code Supp. 1907, section 3652. This section has been construed in many cases, from some of which we shall quote.

In *Smith v. Harlan*, 49 Iowa, 101-102, it is said: "We are asked to review the findings of fact. To this the appellees object, upon the ground that they were not reviewable in the court below. . . . Trials before a referee should have as much certainty in their methods are trials in court. As the findings of fact by the referee have the effect of a special verdict, there should be facilities for reviewing them equal to the facilities provided for reviewing a special verdict. The unsuccessful party, therefore, has a right to have all the evidence certified. If the referee omits to certify it, and the unsuccessful party desires a review upon the findings of fact, it appears to us that he is entitled upon a proper motion to have the report set aside and recommitted, with an order to report with the findings all the evidence duly certified."

This certificate must be as particular and certain as that required of certificates to be made by the trial judge. We doubt if the referee made any such certificate. It does not appear that the referee certified to all the evidence offered. This is the requirement of the section as construed in *Second Nat'l Bank v. Ash*, 85 Iowa, 74; *Baldwin v. Ryder*, 85 Iowa, 251; *Taylor v. Keir*, 54 Iowa, 645; *Polk v. Sturgeon*, 71 Iowa, 395; *Cheney v. McColloch*, 104

Iowa, 249; *Greenlee v. Ins. Co.*, 103 Iowa, 484; *Dwyer v. Rock*, 115 Iowa, 722; *Spinney v. Halliday*, 115 Iowa, 420.

But conceding, for the purposes of the case, that the referee's certificate was sufficient, it was also necessary for the trial judge to certify the same. On this point we said, in *Porter v. Everett*, 66 Iowa, 278:

*2. SAME: certificate of trial judge.*

"It is not claimed by appellant that the evidence has been so certified but he relies upon a certificate to the evidence made by the referee and returned with his report. It appears to us that the section of the Code referred to is a positive and peremptory requirement and that the certificate must be made by the judge. Of course, the evidence, as returned by the referee, must be identified by him by some statement or certificate, to enable the district court to know upon what evidence his finding of facts and conclusions of law were based."

And again, in *Young v. Scoville*, 99 Iowa, 177, we announced the same rule by saying: "When an equity case is sent to a referee there are, in effect, two trials, one before the referee and the other before the district court; and an appeal, when taken, is not directly from the decision of the referee, but from the decision of the district court. In order to try the questions presented to it anew, we must have all the evidence offered or introduced before the district court, properly certified by the judge who tried the case. The referee can not make this certificate, for he does not know what transpired before the judge who finally decides the controversy. His certificate relates only to that which was offered before him, and is for no other purpose than to identify the evidence upon which he acted. We have held that the referee is not the court (*Hobart v. Hobart*, 45 Iowa, 501; *Belzor v. Logan*, 32 Iowa, 322); that the power of the court in acting upon the report of a referee is not merely appellate (*Edwards v. Cottrell*, 43 Iowa, 194; *Hodgin v. Toler*, 70 Iowa, 21);

and that, to secure a review of the findings and conclusions of a referee in a law action, exceptions must be taken to the rulings of the district court thereon; and that exceptions taken before the referee are not sufficient *(Roberts v. Cass,* 27 Iowa, 225; *Bolton v. Kitsman,* 80 Iowa, 343; *Michael v. Longman,* 42 Iowa, 484). Such holdings clearly indicate that where there is a reference there are, in effect, two trials, and that when an appeal is taken, it is from the order and judgment of the trial court, and not from the conclusions of the referee. Such being the case, it is clear that a certificate from the trial judge is necessary to identify the evidence upon which he acted. See *Teague v. Fortsch,* 98 Iowa, 92."

Treating the recital in the decree of the trial judge as a certificate, it will be observed that it does not meet the statute and decisions before referred to in many particulars. For example, it says that he "examined the files and records and the report of the referee, and read and examined the evidence and testimony offered and received upon the part of both plaintiff and defendants." What this testimony is no one knows; at least this statement offers no light upon the question. Moreover, under our holdings, a certificate to the testimony offered and received or offered and introduced is not sufficient. See cases hitherto cited. Moreover, there is no statement whatever as to what the testimony was which was offered and received upon the part of the parties. There is absolutely nothing in this certificate from which the testimony can be identified.

In *Bauernfiend v. Jonas,* 104 Iowa, 56, we said: "That, with other cases cited, fixes the rule that it is the office of the certificate of the judge to identify the evidence, and make it of record when filed, while it is the office of the certificate of the clerk to identify and authenticate the record. As we have said, the complaint here is that the evidence is not in the record, and, if not, it is not the province of the clerk to certify it to this court.

There seems to be no escape from the conclusion that the evidence is not here for consideration."

In *Runge v. Hahn*, 75 Iowa, 733, we said: "The statute (Code, section 2742, as amended by chapter 35, Acts 19th General Assembly) requires the trial judge in equitable actions to certify all the evidence offered and introduced upon the trial. The object of this provision is to secure such identification of the trial that no question can fairly arise upon appeal as to what the evidence is. The certificate of the judge, when it properly identifies the evidence, has the effect to make it part of the record. It is not essential, as was contended by counsel for appellee, that it contain an express declaration or order making the evidence part of the record; but that result follows when it identifies the different items of evidence offered and introduced on the trial, and is signed in due time. And it can not, in the matter of identification, be supplemented by the certificate of the clerk. The office of the certificate of the clerk required by section 3184, since the enactment of chapter 35, Acts 18th General Assembly, is to identify and authenticate the record. Before that enactment, depositions and other papers used merely as evidence were not deemed part of the record, and could be identified by the clerk's certificate; but its effect clearly is to change that rule. *Cross v. Burlington & S. W. Ry. Co.*, 58 Iowa, 63, arose before its enactment, and it is not now authority on the question. A recital in the certificate, that the cause was submitted upon packages of depositions filed upon dates, does not identify the evidence, and does not comply with the requirements of the statute. For such recital would apply to any depositions which may have been filed upon those dates, and leaves it to the clerk and the parties to determine what particular depositions were intended. But the confusion and uncertainty which was liable to arise under that practice is the very evil which the Legislature intended by the enactment to correct. The certificate

then should, by setting out the name of the witness, or the name of the officer before whom the depositions were taken, and the date when taken, or other explicit recital, identify with certainty the items of evidence referred to."

The certificate in that case said: "And now, on this day, to wit, . . . this cause came, on for hearing. . . . The cause is tried and submitted to the court on the following evidence, and none other, to wit: Plaintiff offers (1) package of depositions filed June 23, 1885; (2) package of depositions filed December 3, 1885; (3) package of depositions filed January 6, 1886. Plaintiff rests. Whereupon the defendant offered the following evidence, to wit: Package of deposition filed December 26, 1885. Defendant rests. I, W. R. Lewis, before whom the above-entitled cause was tried, do hereby certify that the above and foregoing schedule correctly specifies and refers to all the evidence offered and all the evidence received on the trial of the cause." This certificate was made more specific than the one now before us, but was held insufficient. See, also, *Burnett v. Loughridge,* 87 Iowa, 324; *Bunyan v. Loftus,* 90 Iowa, 122; *Teague v. Fortsch,* 98 Iowa, 92.

Appellants say, however, that before moving to strike appellee filed an amended abstract, and that this amounted to a waiver of the question now presented, and they rely upon *Sarvis v. Caster,* 116 Iowa, 707, and *Conners v. Ry. Co.,* 74 Iowa, 383. The difficulty with this proposition is that in each amendment the record was challenged.

3. SAME: certification of evidence: waiver of defect: review on appeal.

The denial in the first amended abstract read: "The appellee denies that the abstract filed in this cause by the appellant is a full, complete, and correct abstract of the evidence taken in the court below, denies that said abstract shows all of the evidence, objections, and ruling thereon,

and denies that it is a complete record of all. of the proceedings had in this cause."

In the second amendment the averment is: "Appellee expressly denies that the testimony which was taken before the referee is 'of record' in this cause, in accordance with the provisions of the statutes of the state of Iowa. And appellee states and shows that the testimony and evidence which was taken, heard, and offered before the referee was in no manner certified by the referee, save as reference thereto was made in the report of the referee, set out in the abstract, pages 161-173. That no certificate of any kind was made to the said evidence or any part thereof by the court or judge. Appellee expressly and specifically denies that there was a certificate of any kind made or signed by the court or by any judge thereof, within the time allowed for an appeal in said cause, or at any time, and no such certificate was ever made a part of the record or is any part of the record, and no such certificate was ever filed or entered of record in said cause, or executed by any court or judge, and appellee expressly and specifically denies that the said evidence and testimony is of record in said cause or has been preserved as required by law."

The *Conners* case, *supra,* was practically, if not expressly, overruled in *Hershey v. Nyenhuis,* 103 Iowa, 195, and in the *Sarvis* case it does not appear that any denial was filed.

Surely there was no waiver here. In this state of the record there is nothing to be done save to take the findings of fact of the referee as correct and determine therefrom whether or not his conclusions of law and the final decree are justifiable.

The only point which we can consider, in view of the record, is an allowance made to plaintiff of interest on certain money furnished by him to the partnership. It was agreed that each party should have interest on

money advanced by him or that he should have interest on the excess of capital furnished and for **4. PARTNERSHIP: advancements: interest.** the purposes of this appeal it is immaterial which was in fact the agreement. The trial court allowed six percent interest to each, and on Duckworth's advancements compounded the interest, so that, no matter what the agreement, defendants got no more than interest on the excess of his investment. Of course, neither party to a partnership is entitled to interest on his advancements, profits being considered a return for the use of the money; but the parties may stipulate, as they did here, for the allowance of interest and their agreement will be respected and enforced. If this be not the true rule, then defendants have had the advantage of interest upon the excess investment, and the decree is more favorable to them than they were entitled to.

If it be any satisfaction to the parties we may add that we have gone over the record and find nothing which would justify us in interfering with the decree of the trial **5. SAME: account stated.** court. There was no such account stated as would bind the plaintiff. The parties were partners, and a statement made by one to the other can not be treated as an account stated. *Gillett v. Chavez,* 12 N. M. 353 (78 Pac. 73); *Watts v. Adler,* 130 N. Y. 646 (29 N. E. 131); *Hughes v. Smithers,* 163 N. Y. 553 (57 N. E. 1112); Id., 23 App. Div. 590 (49 N. Y. Supp. 115); *Martin v. Smith* (N. J.) 13 Atl. 398; *Donahue v. McCosh,* 70 Iowa, 733.

Defendants failed to establish the settlement pleaded by them, upon which issue they had the burden of proof. See *Hughes v. Smithers, supra,* first reported in 23 App. Div. 590 (49 N. Y. Supp. 115). **6. SAME: dissolution: burden of proof.** Plaintiff's contributions were properly treated as advancements made by him, although as to some things testified to by plaintiff he was incompetent to testify, but such objection does not lie

to all his testimony. Much of it did not relate to transactions with deceased.

We are satisfied that both the referee and the trial court came as near to a correct adjustment of the accounts as is possible under the circumstances, and the decree must be and it is *affirmed*.